UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAUN MEEKS,

    Petitioner,

                                                      Case No. 12-20388

v.

                                                      Hon. John Corbett O'Meara

UNITED STATES OF AMERICA,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S
MOTION PURSUANT TO 28 U.S.C. § 2255**

Before the court is Petitioner Shaun Meeks's motion to vacate sentence pursuant to 28 U.S.C. § 2255. On March 26, 2014, Petitioner pleaded guilty to Count 1 (interference with commerce by robbery) and Count 2 (use of firearm during a crime of violence) of the indictment. He was sentenced on May 24, 2014, to 124 months in prison. Petitioner contends that his sentence should be vacated because his attorney rendered ineffective assistance of counsel when he failed to determine Petitioner's competency to plead guilty.

**BACKGROUND FACTS**

Between April 23, 2012, and April 25, 2012, Petitioner's co-defendant, Kevin Reynolds, committed several armed robberies in Jackson, Michigan. With

respect to a robbery committed on April 23, 2012, Reynolds was aided and abetted by Meeks. On that date, Reynolds and Meeks robbed a party store called Josie's Takeout. They stole cash, liquor, cigarettes, and lottery tickets.

Meeks was charged with Counts 1 (robbery of Josie's Takeout), 2 (use of firearm during crime of violence), 5 (robbery of Corner's Party Store), and 6 (use of firearm during crime of violence). He was represented by Ronald Cromer. On May 7, 2013, Meeks pleaded guilty to Counts 1, 2, and 5. Meeks later contended that he pleaded guilty under duress and sought to obtain new counsel. The court allowed his attorney to withdraw and had a new attorney, Douglas Mullkoff, appointed.

Through his new attorney, Meeks filed a motion to withdraw his guilty plea. Specifically, he stated that he had pleaded guilty as a result of pressure from his first lawyer and that he was susceptible to such pressure as a result of his limited education and emotional instability. In the motion, Meeks denied that he was involved in the robbery of Corner's Party Store (Count 5), but did not deny involvement in the robbery of Josie's Takeout (Counts 1 and 2).

The parties negotiated a revised Rule 11 plea agreement, through which Meeks was permitted to withdraw his guilty plea to Count 5. A revised plea hearing was held on March 26, 2014. At that time, Meeks pleaded guilty to Counts

1 and 2. Mullkoff stated that "the plea colloquy that you took previously has covered Counts 1 and 2, which will remain." 3/26/14 TR at 4. At the first plea hearing, Meeks stated that he had been counseled for emotional impairment and depression, but denied having a mental illness or taking medication that might impair his capacity to understand. 5/7/13 TR at 7. Meeks, his attorney, and the government's attorney all represented that they believed him to be competent. Id. at 8.

## LAW AND ANALYSIS

Meeks contends that his counsel was ineffective for failing to determine his competency to plead guilty.[1] To demonstrate ineffective assistance of counsel, he must show that (1) his attorney's performance was seriously deficient and (2) this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, Meeks must demonstrate that his counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688. In applying this standard, "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S.

---

[1] In his plea agreement, Meeks waived his right to appeal or file a § 2255 motion. Pursuant to recent guidance from the Department of Justice, the government has not sought to enforce the waiver.

at 689. In order to satisfy the "prejudice" requirement in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A failure to request a competency hearing may constitute ineffective assistance of counsel, "provided there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency, and there is a reasonable probability that the defendant would have been found incompetent to stand trial had the issue been raised and fully considered." Jermyn v. Horn, 266 F.3d 257, 283 (3d Cir. 2001). The test for competence to stand trial or plead guilty is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." Godinez v. Moran, 509 U.S. 389, 396 (1993) (quoting Dusky v. U.S., 362 U.S. 402 (1960)).

The evidence here shows that Meeks suffered from emotional instability and depression. There is no indication anywhere in the record, however, that these ailments interfered with his ability to understand the proceedings or consult with his lawyer. See 5/7/13 TR (plea hearing), 3/26/14 TR (revised plea hearing); 5/22/14 (sentencing). There is no evidence that would lead a reasonable attorney to

doubt Meeks' competency, nor is there a reasonable probability that Meeks would have been found incompetent had the issue been raised and considered by the court. See Getter v. Smith, 2014 WL 320020, at *9 (E.D. Mich. Jan. 29, 2014) ("[A]lthough it is clear that petitioner suffered from psychological problems, petitioner has not shown that he suffered from a mental illness that rendered him incompetent to stand trial or enter his plea.").

The court finds that Meeks's attorneys were not ineffective for failing to request a competency hearing. Further, Meeks has not shown that he was prejudiced by this alleged error. Id. ("[B]ecause petitioner has not shown that he was incompetent, he cannot show that he was prejudiced by counsel's failure to request a competency hearing.").

## ORDER

Therefore, IT IS HEREBY ORDERED that Petitioner's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: October 29, 2015

  I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 29, 2015, using the ECF system and/or ordinary mail.

           <u>s/William Barkholz</u>
           Case Manager