UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                            Case No. 12-20388

v.

                                            Hon. John Corbett O'Meara

SHAUN D. MEEKS,

    Defendant.
_____/

**ORDER DENYING MOTION TO AMEND**
**SENTENCE PURSUANT TO 18 U.S.C. § 3582**

Before the court is Defendant Shaun Meeks's motion to amend or adjust sentence pursuant to 18 U.S.C. § 3582. Defendant pleaded guilty to two counts: Count 1, interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), and Count 2, use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On May 22, 2014, the court sentenced Defendant to 40 months in prison on Count 1 and 84 months on Count 2, to run consecutively.

In November 2015, the United States Sentencing Commission issued Amendment 794 to the United States Sentencing Guidelines, which went into effect on November 1, 2015. Amendment 794 provides additional guidance to sentencing courts in determining whether a defendant should receive a reduced sentence for being a minimal or minor participant in the offense of conviction. See

U.S.S.G. § 3B1.2, cmt. n.3(C) (2015). Defendant contends that the court should apply Amendment 794 to reduce his sentence.

As a general rule, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, the statute provides an exception for defendants who have been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Because Amendment 794 went into effect after Defendant was sentenced and his ability to appeal was exhausted, the court has the power to resentence him only if Amendment 794 is retroactive on collateral review. See United States v. Horn, 679 F.3d 397, 400 (6th Cir. 2012). The Sentencing Commission has the power to determine whether its amendments reducing sentences will be given retroactive effect. Id. According to the Sentencing Commission's policy statement, U.S.S.G. § 1B1.10(a), amendments that are to be applied retroactively are listed in U.S.S.G. § 1B1.10(d). Amendment 794 is not among those listed. Accordingly, the court is without the authority to reduce Defendant's sentence pursuant to Amendment 794 and 18 U.S.C. § 3582(c)(2). See U.S.S.G. §

1B1.10(a)(2)(A) (reduction in the defendant's prison term not authorized if none of the amendments listed in U.S.S.G. § 1B1.10(d) are applicable to defendant); Klosowski v. U.S., 2016 WL 6696023 (E.D. Mich. Nov. 15, 2016) (Amendment 794 not retroactive on collateral review); United States v. Dixon, 2017 WL 550558 (E.D. Mich. Feb. 10, 2017) ("[T]he Court has no power to retroactively apply Amendment 794.").

Therefore, IT IS HEREBY ORDERED that Defendant's motion to amend or adjust sentence pursuant to 18 U.S.C. § 3582 is DENIED.

s/John Corbett O'Meara
United States District Judge

Date: May 18, 2017

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 18, 2017, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager